#24822-rev & rem-DG

**2008 SD 111**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DISCOVER BANK,                                     Plaintiff and Appellee,

v.

JOSEPH STANLEY,                                   Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
SPINK COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE TONY PORTRA
Judge

\* \* \* \*

ROBERT A. MARTIN
Rapid City, South Dakota                    Attorney for plaintiff
                                            and appellee.


CASEY N. BRIDGMAN of
Bridgman and Adel
Wessington Springs, South Dakota            Attorneys for defendant
                                            and appellant.

\* \* \* \*

ARGUED SEPTEMBER 30, 2008

OPINION FILED **11/12/08**

#24822

GILBERTSON, Chief Justice

[¶1.]     Discover filed a motion for summary judgment in a breach of contract claim against cardholder Joseph Stanley.  Discover did so without filing a statement of undisputed material facts.  The circuit court granted Discover's motion, and entered a judgment against Stanley.  Stanley appeals.  We reverse.

**FACTS**

[¶2.]     Joseph Stanley applied for and was granted a Discover card in March of 1996.  The terms which Discover applied to issuance of the card are not in dispute.  In part the terms stated:  "We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared."[1]

---

1.     The terms and conditions of the credit card account included the following:

> **UNAUTHORIZED USE.**  If a Card is lost or stolen, or if you think that someone is using your Account or a Card without your permission, notify us immediately.  . . . You agree to assist us in determining the facts relating to any theft or possible unauthorized use of your Account or a Card and to comply with such procedures as we may require in connection with our investigation.

> **PROMISE TO PAY.**  You agree to pay us in U.S. Dollars for all purchases, cash advances, and balance transfers including applicable Finance Charges and other charges or fees, incurred by you or anyone you authorize or permit to use your Account or a Card, even if you do not notify us that others are using your Account or a Card.
> . . .
> **Your Billing Rights**
> **KEEP THIS NOTICE FOR FUTURE USE**
> This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

<span style="display:block; text-align:right;">(continued . . .)</span>

#24822

(. . . continued)

### 1. Notify Us in Case of Errors or Questions About Your Bill

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet of paper at the address listed on your bill for Notice of Billing Errors. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

- your name and Account number.
- your dollar amount of the suspected error.
- describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

. . .

### 2. Your Rights and Our Responsibilities After We Receive Your Written Notices

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your Account credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we report you to. We must tell anyone we report you to that the matter has been settled between us when it finally is. If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

(continued . . .)

[¶3.]        Stanley received a billing statement sometime in calendar year 1997 for a charge or charges totaling $1,718.02.  Stanley claimed he did not make the charge(s), but believed he owed something on the account.   Stanley did not dispute the charge(s) within the sixty-day period as provided in the "Your Billing Rights" section of the credit card agreement.  Over the next eight years, Stanley continued to pay on the account without making any additional charges to the account.

[¶4.]        In 2004 after paying over $8,600.00 on the account, yet failing to pay off the balance, Stanley disputed the 1997 charge(s).  The record is unclear if he did so over the telephone or in writing.  During the time Stanley continued to dispute the charge(s), Discover claimed it was unable to provide account statements prior to June 15, 1998, as requested by Stanley.  Discover claimed it had not retained records prior to June 15, 1998, which showed the original charge(s) made sometime in calendar year 1997.

[¶5.]        In addition to not being able to provide Stanley with documentation prior to June 15, 1998, Discover would not close Stanley's account despite repeated requests to do so.  Stanley was told over the telephone by several Discover employees that they were unable to close the account without a credit counselor

---

(. . . continued)

> The language quoted from the Discover card agreement under "Your Billing Rights" is contained verbatim in Regulation Z found at 12 CFR § 226.1 et seq., as issued by the Board of Governors of the Federal Reserve System, which provides the method and manner for implementation of the Truth in Lending Act, 15 USC § 1601.  The language is a mandatory disclosure required by the Fair Credit Billing Act, 15 USC § 1666, et seq., (FCBA), which provides dispute resolution procedures for both credit card holders and their creditors.  15 USC § 1666-1666(j).

being present on the telephone line. At some point, Stanley ceased paying on the account.

[¶6.] On March 8, 2005, Discover Bank sued Stanley for the unpaid balance on the account, which at that time totaled $6,565.41. Based on the prayer for relief, the complaint appears to allege breach of contract. Discover's request for relief demanded judgment against Stanley in the sum of $6,565.41 with interest "as authorized under said Discover Card plus costs and whatever further and additional relief is deemed equitable by the Court."

[¶7.] Stanley did not file an answer with the court. Instead, he wrote the attorney representing Discover in the matter and disputed Discover's claim that Stanley owed $6,565.41 on the account, stating that he had not made the original charge(s).[2] Stanley did so in writing using the method prescribed in the Complaint, which cited to the Fair Credit Billing Act, 15 USC § 1601 et seq. Discover served Stanley with requests for production, requests for admission, and interrogatories, which Stanley failed to answer. Discover filed a motion for default judgment at which time Stanley hired legal counsel.

[¶8.] On May 31, 2007, Discover moved for summary judgment. Discover failed to file a statement of undisputed material facts with its motion and affidavit. Stanley resisted the motion for summary judgment, and argued that Discover's failure to provide a statement of undisputed material facts was fatal to its motion

---

2. It is unclear when Stanley's first letter to Discover was written, as it is not in the record. However, a letter dated May 17, 2005, references the first letter and provides substantiation that Stanley contested charges in writing at least by that date.

under SDCL 15-6-56. Stanley also argued that Discover's inability to substantiate the original charge(s) to the account upon which the balance of $6,565.41 was based raised a genuine issue of material fact for the finder of fact as to whether Stanley had made the original charge(s) in 1997, and whether he owed the money in question. Finally, Stanley raised the defense of accord and satisfaction, claiming he was told by Discover telephone agents that the balance had been satisfied. Stanley evidenced this with a copy of a statement provided by Discover dated December 31, 2004, which showed a zero balance.

[¶9.] On January 15, 2008, a hearing was held on Discover's motion for summary judgment. The circuit court held that Discover's failure to file a statement of undisputed material facts was not fatal to its motion for summary judgment, as the circuit court concluded there were no disputed facts in contention. The circuit court further found that it was not relevant to the motion for summary judgment that Discover was unable to provide the original record of the charge(s) from 1997.

[¶10.] Stanley presented evidence to dispute Discover's claim that he owed on the charge account. That evidence included an affidavit in which Stanley claimed he paid over $8,600.00 on the account, a claim Discover never disputed.

[¶11.] The evidence also included a copy of the account statement from December 31, 2004, in which a payment credit of $6,565.41 against a balance of the exact amount was reflected, and an affidavit in which Stanley claimed he had been told by Discover that he no longer owed anything on the account. A description at the bottom of the statement indicated an internal charge off of $6,565.41 was made

on December 31, 2004. The circuit court accepted the explanation provided by Discover's counsel, that the designation "internal charge off" was an accounting method used by Discover prior to sending out an account for legal action. The circuit court did so despite Stanley's affidavit, which stated Stanley was told by a Discover telephone customer service agent that Stanley no longer owed anything on the account. The circuit court rejected Stanley's statement based on an argument advanced by counsel for Discover that Stanley's self-serving statement in his affidavit without more, such as the name of the Discover telephone customer service agent or confirmation in writing, was insufficient to create a genuine issue of material fact under SDCL 15-6-56.

[¶12.] The circuit court further found that the time for Stanley to contest the 1997 charge(s) had long passed. The circuit court found that Stanley's attempts to contest the charge(s) in 2004 and 2005 were untimely, and were subject to the defenses of laches or waiver. Regardless of the rationale, the circuit court held that it was an undisputed fact that Stanley owed the original charge(s) due to the passage of time and Stanley's failure to contest the charge(s) within sixty-days as required by the terms and conditions of the credit card account.

[¶13.] The circuit court granted Discover's motion for summary judgment and entered an order of judgment against Stanley in the amount of $6,565.41 for principal, prejudgment interest of $1,331.32, plus court costs and service fees in the amount of $67.10, for a total judgment of $7,963.83. Stanley appeals.

[¶14.]     Stanley raises the following issues on appeal:

1.     Whether a moving party in a motion for summary judgment is required to provide a statement of undisputed material facts.

2.     Whether a genuine issue of material fact was in dispute when Discover provided no evidence that Stanley made the original charge(s) to the Discover credit card.

## STANDARD OF REVIEW

[¶15.]     Statutory interpretation is a question of law to be reviewed under the de novo standard of review.  Martinmaas v. Engelmann, 2000 SD 85, ¶49, 612 NW2d 600, 611 (citing Moss v. Guttormson, 1996 SD 76, ¶10, 551 NW2d 14, 17 (citing U.S. West Communications, Inc. v. Public Util. Comm'n, 505 NW2d 115, 122-23 (SD1993))).

> The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute.  The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used.  Words and phrases in a statute must be given their plain meaning and effect.  When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.

Id.  The same rule applies to construction of this Court's rules of civil procedure. See Maynard v. Heeren, 1997 SD 60, ¶14, 563 NW2d 830, 835 (citing Cummings v. Mickelson, 495 NW2d 493, 500 (SD 1993)).

[¶16.]     Our well-settled standard of review for a motion for summary judgment provides:

> Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

> any material fact, and that the moving party is entitled to judgment as a matter of law." We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. All reasonable inferences drawn from the facts must be viewed in favor of the non-moving party. The burden is on the moving party to clearly show an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law.

Mueller v. Cedar Shore Resort, Inc., 2002 SD 38, ¶10, 643 NW2d 56, 62 (quoting Hayes v. N. Hills General Hosp., 1999 SD 28, ¶12, 590 NW2d 243, 247 (quoting SDCL 15-6-56(c))). There must be no material facts at issue, and there must "be no genuine issue on the inferences to be drawn from those facts." A-G-E Corp. v. State, 2006 SD 66, ¶17, 719 NW2d 780, 786 (citations omitted).

[¶17.]     The construction of a written contract is a question of law. Campion v. Parkview Apartments, 1999 SD 10, ¶25, 588 NW2d 897, 902) (citing Production Credit Ass'n v. Wynne, 474 NW2d 735, 740 (SD 1991) (quoting Baker v. Wilburn, 456 NW2d 304, 306 (SD 1990) (citations omitted))). The effects and terms of a contract are questions of law to be resolved by the court. Cotton v. Manning, 1999 SD 128, ¶15, 600 NW2d 585, 588 (quoting *Campion*, 1999 SD 10, ¶25, 588 NW2d at 902) (citations omitted). "On appeal, this [C]ourt can read a contract itself without a presumption in favor of the trial court's determination. The court is to enforce and give effect to the unambiguous language and terms of the contract." *Campion*, 1999 SD 10, ¶25, 588 NW2d at 902 (citing Production Credit Ass'n v. Wynne, 474 NW2d 735, 740 (SD 1991) (quoting Baker v. Wilburn, 456 NW2d 304, 306 (SD 1990) (citations omitted))).

## ANALYSIS

[¶18.]     SDCL 15-6-56 provides the procedure for when and how a motion for summary judgment may be filed with a circuit court. SDCL 15-6-56(a)-(g). Any party to an action to recover a "claim, counterclaim, or cross-claim or to obtain a declaratory judgment" is permitted under the rules to file a motion for summary judgment. SDCL 15-6-56(a)-(b). The parties may do so with or without supporting affidavits. *Id.*

[¶19.]     "Summary judgment is an extreme remedy, is not intended as a substitute for a trial." Continental Grain Co. v. Heritage Bank, 1996 SD 61, ¶17, 548 NW2d 507, 511 (quoting Piner v. Jensen, 519 NW2d 337, 339 (SD 1994)). However, on appeal this Court will affirm the circuit court's ruling granting a motion for summary judgment if any basis exists to support the ruling. Westfield Ins. Co., Inc. v. Rowe ex rel. Estate of Gallant, 2001 SD 87, ¶4, 631 NW2d 175, 176 (citing Estate of Juhnke v. Marquardt, 2001 SD 26, ¶5, 623 NW2d 731, 732).

[¶20.]     **1.     Whether a moving party in a motion for summary judgment is required to provide a statement of undisputed material facts.**

[¶21.]     As a rule of statutory construction, we have determined that "[w]hen 'shall' is the operative verb in a statute, it is given 'obligatory or mandatory' meaning." *In re* J.H., 1999 SD 36, ¶31, 590 NW2d 473, 479 (citing *In re* Groseth Int'l, Inc., 442 NW2d 229, 231-32 (SD 1989) (citing Person v. Peterson, 296 NW2d 537 (SD 1980); Tubbs v. Linn, 75 SD 566, 70 NW2d 372 (1955); 2A Sutherland Stat. Const. § 57.03 at 643-44 (4th ed 1984); Sutton, *Use of "Shall" in Statutes,* 4 J. Marshall LQ 204 (1938), *reprinted in* 1A Sutherland Stat. Const. 691 (4th ed 1985)). The statutory definition of "shall" is in accord: "As used in the South Dakota

Codified Laws to direct any action, the term, shall, manifests a mandatory directive and does not confer any discretion in carrying out the action so directed." SDCL 2-14-2.1. Statutes and court rules must be construed in their entirety. Jensen v. Turner County Bd. of Adjustment, 2007 SD 28, ¶12, 730 NW2d 411, 415 (citing Peterson, ex rel. Peterson v. Burns, 2001 SD 126, ¶32, 635 NW2d 556, 568 (quoting Maynard, 1997 SD 60, ¶14, 563 NW2d 830, 835)). The effect of the word "shall" may be determined by the balance of the text of the statute or rule. Application of Megan, 69 SD 1, 9, 5 NW2d 729, 733 (1942) (quoting 59 CJ § 631, p 1074) (citation omitted).

[¶22.]       The prior version of SDCL 15-6-56(c) provided as follows:

> The motion shall be served at least ten days before the time fixed for the hearing. Any briefing must comply with § 15-6-6(d). The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

SDCL 15-6-56(c), SL 2006, ch 329 (Supreme Court Rule 06-55) (current version enacted September 4, 2007). The prior versions of SDCL 15-6-56(c), including the version enacted under Session Law 2006, chapter 329, did not require the moving party to file a statement of undisputed material facts.

[¶23.]       However, SDCL 15-6-56(c) was amended once again on October 18, 2006. SDCL 15-6-56(c), SL 2007, ch 302 (Supreme Court Rule (06-70) (current version enacted September 4, 2007). The October 18, 2006, amendment, which

became effective on January 1, 2007, introduced for the first time a requirement

that a statement of undisputed material facts be filed with a motion for summary

judgment:

> (1) A party moving for summary judgment *shall attach* to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Each material fact in this required statement must be presented in a separate numbered statement and with appropriate citation to the record in the case.
>
> (2) A party opposing a motion for summary judgment *shall include* a separate, short, and concise statement of the material facts as to which the opposing party contends a genuine issue exists to be tried.  The opposing party must respond to each numbered paragraph in the moving party's statement with a separately numbered response and appropriate citations to the record.
>
> (3) All material facts set forth in the statement that the moving party *is required to serve* shall be admitted unless controverted by the statement required to be served by the opposing party.

SDCL 15-6-56(c) (effective January 1, 2007) (emphasis added).  That requirement

remains in effect under the current version of SDCL 15-6-56(c).  If the moving party

claims there are no material facts for a trier of fact to decide, it is fair and not

unduly burdensome that he or she so specifically advises the circuit court and

opposing counsel in the form of such a statement.

[¶24.]		The requirement that a statement of undisputed material facts be

attached to the motion by the party moving for summary judgment is phrased in the

mandatory term *shall*.  In the context of this rule, this Court cannot ascertain any

other meaning given to the word "shall" that permits a party to fail to comply with a

mandatory requirement in a statute.  The fact that affidavits were submitted, while

appropriate, cannot negate the need for the statement of undisputed material facts as required by SDCL 15-6-56(c)(1) and (2).

[¶25.]     Discover's failure to file a statement of undisputed material facts with its May 31, 2007, motion for summary judgment prevented Stanley from knowing exactly what facts Discover planned on using to support its motion until the day of the hearing.  The party opposing a motion for summary judgment should not have to guess at what its opponent plans to present in court.  The plain meaning of SDCL 15-6-56(c) leaves no doubt that the moving party must file a statement of undisputed material facts with a motion for summary judgment filed on or after January 1, 2007.

[¶26.]     The circuit court erred when it did not require Discover to submit a statement of undisputed materials facts as required by SDCL 15-6-56(c).  The lack of such a statement denied Stanley the opportunity to submit his mandatory statement controverting those undisputed facts offered by Discover.

[¶27.]     **2.     Whether a genuine issue of material fact was in dispute when Discover provided no evidence that Stanley made the original charges to the Discover credit card.**

[¶28.]     Discover argued before the circuit court that Stanley was bound by the terms and conditions of the credit card agreement.  In this case, the terms and conditions of the credit card agreement entered into by the parties states that Stanley was required to pay:

> [I]n U.S. Dollars for all purchases, cash advances, and balance transfers including applicable Finance Charges and other charges or fees, *incurred by you or anyone you authorize or permit to use your Account or a Card*, even if you do not notify us that others are using your Account or a Card.

Thus, by the terms of its own contract, Discover is limited to pursuing Stanley for those charges he personally incurred on the Discover card, or charges incurred by someone Stanley authorized to use the account.

[¶29.] Discover was unable to show in its affidavit and supporting exhibits what the 1997 charge(s) was for, when the charge(s) was made, where it was made, who made the charge(s), and whether it was "authorized" within the meaning of the contract.[3] Discover's claim that Stanley owed the money was just that, a mere claim.

[¶30.] Stanley resisted Discover's motion for summary judgment by affidavit, stating under oath that he did not make the 1997 charge(s), nor did he authorize another person to make the charge(s). Thus, Stanley generated a genuine issue of material fact as to whether he owed the 1997 charge(s) and the outstanding balance. Stanley as the nonmoving party, not Discover, was entitled to all reasonable inferences.

[¶31.] Discover offered nothing further to show the nonexistence of a genuine issue of material fact other than its original claim that the balance on the June 15, 1998, billing statement, the earliest statement Discover was able to produce, was owed by Stanley. Without some type of substantiation that the original 1997 charge(s) was "*incurred by* [Stanley] *or anyone* [Stanley] *authorize*[*d*] *or permit*[*ted*]

---

3. At oral argument, counsel for Stanley stated that the charge might have been made by Stanley's mother, but did not state whether she was an authorized user of the card. It is undisputed in the record that neither party knew who made the charge, what it was for, or when it was made.

*to use* [the] Account *or* [ ] *Card*[,]*"* Discover could not prevail on its motion for summary judgment.

[¶32.] Discover's failure to file a statement of undisputed material facts also impacts the issue of accord and satisfaction. An accord and satisfaction is authorized by statute. SDCL 20-7-4. "The 'burden of proof to establish such defense is on the party who seeks to rely on it.'" Hubbard Milling Co. v. Frame, 310 NW2d 155, 157 (SD 1981) (citing Lang v. Burns, 77 SD 626, 97 NW2d 863 (1959)). Nevertheless, there exists a material question of fact on the December 2004 billing statement. Discover's claim that the zero balance on this billing statement was an accounting write-off cannot be ascertained as a matter of undisputed fact from the face of that document. Moreover, Stanley testified by affidavit that he was told over the phone by Discover that the account was satisfied. Thus, Discover has failed to establish that no questions of fact exist as to an accord and satisfaction or lack thereof.

[¶33.] Discover also argued that laches and waiver applied. Equitable doctrines such as laches and waiver are generally inappropriate for a summary judgment proceeding. Ahl v. Arnio, 388 NW2d 532, 533 (SD 1986) (citing Wilson v. Great Northern Ry. Co., 83 SD 207, 157 NW2d 19 (1968)). The circuit court's reliance on the doctrine of laches and waiver in its grant of summary judgment, and Discover's argument on appeal that Stanley could not satisfy the elements of accord and satisfaction, are issues of fact that must be determined below.

#24822

[¶34.]  We reverse and remand the matter to the circuit court for further proceedings consistent with this opinion.[4]

[¶35.]  SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.

---

4.  At oral argument discussion was had by counsel about the affect of the Truth in Lending Act, 15 USC § 1601 and the Fair Credit Bill Act 15 USC § 1666 upon this case.  (*See generally supra* n2).  As we decide this case on state law and procedural grounds, we express no opinion on any issues that pertain to these federal acts.