SEVERSON, Justice
(dissenting).
[¶ 30.] I respectfully dissent. An initial summons, not a compulsory counterclaim, “commences” an action under South Dakota law. Because the compulsory counterclaim cannot “commence” an action, the compulsory counterclaim is part of the initial action. A compulsory counterclaim instituted after the expiration of the statutory period is not barred when the initial action was “commenced” within the statute of limitations.
[¶ 31.] We must analyze whether a compulsory counterclaim seeking affirmative relief is barred by the statute of limitations under South Dakota’s particular statutory scheme. “Statutory interpretation is a question of law to be reviewed under the de novo standard of review.” Discover Bank v. Stanley, 2008 SD 111, ¶ 15, 757 N.W.2d 756, 761 (citations omitted). ‘When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and [this] Court’s only function is to declare the meaning of the statute as clearly expressed.” Id. “The same rule applies to construction of [South Dakota’s] rules of civil procedure.” Id. This Court looks to the decisions of other courts and other states for analytical assistance in interpreting a South Dakota rule of civil procedure when the rule is equivalent to a Federal Rule of Civil Procedure. Moore, *391 1999 SD 152, ¶ 24, 603 N.W.2d at 520. Here, because the South Dakota rule is not equivalent to the Federal Rule, reference to the Federal Rules is less helpful in determining whether South Dakota’s unique statutes dictate that compulsory counterclaims are barred after expiration of the statute of limitations.
[¶ 32.] In South Dakota, a compulsory counterclaim seeking affirmative relief is an “action” pursuant to SDCL 15-1-1(1). An “action” is defined as “an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement, determination, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.” SDCL 15-1-1(1). SDCL 15-2-1 further provides:
Civil actions can only be commenced within the periods prescribed in this title after the cause of action shall have accrued except where in special cases a different limitation is prescribed by statute. The objection that the action was not commenced within the time limited can only be taken by answer or other responsive pleading.
(Emphasis added.) SDCL 15-2-14 similarly states that a civil action for personal injury “can be commenced only within three years after the cause of action shall have accrued.” (Emphasis added.) We must therefore decide if a compulsory counterclaim seeking affirmative relief “commences” an action or is part of the initial action. If it does not “commence” an action, it is either not time barred under SDCL 15-2-14, or it relates back to the commencement of the initial action.
[¶ 33.] “An action is commenced as to each defendant when the summons is served on him.... ” SDCL 15-2-30. See Peterson, 2000 SD 27, ¶ 15, 607 N.W.2d at 12 (noting that unlike the Federal Rules, South Dakota requires that a defendant be served with a copy of the summons to commence an action). No summons need be served to assert a compulsory counterclaim:
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
SDCL 15-6-13(a). A plain reading of South Dakota law reveals a compulsory counterclaim cannot “commence” an action. Only the initial summons “commences” an action within the meaning of SDCL 15-2-1 and SDCL 15-2-14. A compulsory counterclaim is therefore part of the initial action. When the initial action is “commenced” within the statute of limitations, a compulsory counterclaim instituted after the expiration of the statutory period is not barred.
[¶ 34.] The majority notes that were we to hold that counterclaims are commenced at the time of the initial action, both compulsory and permissive counterclaims would have to relate back. See supra [¶ 9 n. 2.] Permissive counterclaims are more problematic, but in Jacobson, this Court, in dicta, noted that only compulsory counterclaims relate back to the original complaint. 2008 SD 19, ¶ 30 n. 7, 746 N.W.2d at 747 n. 7 (citing 6 Wright, Miller & Kane, § 1425 at 189-90). This Court also noted that permissive counterclaims do not “benefit from the relation back doctrine.” Id. As noted by Wright, Miller & Kane, “the applicable statute of limitations ... may restrict a party’s freedom to interpose a permissive counterclaim under Rule 13(b). Since these claims basically constitute independent actions, a party should not be able to assert *392 a permissive counterclaim on which the statute of limitations has run.” 6 Wright, Miller & Kane, § 1425 at 189. This same philosophy is reflected in SDCL 15-6-15(c), which specifies that amended pleadings relate back to the date of the original pleading if the claim or defense arose out of the conduct, transaction, or occurrence set forth in the original pleading.
[¶ 35.] This case involves the statute of limitations and a compulsory counterclaim under SDCL 15-6-13(a). The majority opinion focuses on the statute of limitation and permissive counterclaims under SDCL 15-6-13(b), an issue not before us. This Court may well believe the view of other jurisdictions, which holds that compulsory counterclaims seeking affirmative action are barred after the expiration of the statute of limitations, is the better approach. Yet, that is not the result South Dakota law demands. The language of the applicable South Dakota statutes on commencement of an action is “clear, certain, and unambiguous,” and “this Court’s only function is to declare the meaning of the statute[s] as clearly expressed.” Discover Bank, 2008 SD 111, ¶ 15, 757 N.W.2d at 761. We must not “do violence to the plain meaning of the statute[s] under construction.” Hagemann ex rel. Estate of Hagemann v. N.J.S. Eng’g, Inc., 2001 SD 102, ¶ 8 n. 7, 632 N.W.2d 840, 846 n. 7 (citation omitted). If South Dakota law leads to an undesirable result, it ought to be changed, but we should not give a strained interpretation to an unambiguous statute (SDCL ch. 15-2) or Court rule of procedure (SDCL 15-6-13(a)).
[¶ 36.] The very purposes of statutes of limitation do not require the position the majority embraces. The majority correctly observes that “statutes of limitation are in place to prevent the prosecution of stale claims and to punish litigants who sleep on their rights.” Moore, 1999 SD 152, ¶ 25, 603 N.W.2d at 521 (citations omitted). However, a compulsory counterclaim is one that “arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim.” SDCL 15-6-13(a). Because they arise from the same incident, the compulsory counterclaim is no staler than the initial action. The “necessarily close relationship between the timely claim and untimely claim should insure that the latter is not ‘stale’ in the sense of evidence and witnesses no longer being available.” 6 Wright, Miller & Kane, § 1419 at 152-53. The evidence and witnesses are as accessible for adjudicating the compulsory counterclaim as they are for the initial action. Id. “Simple justice dictates that if the plaintiffs are given an opportunity to present a claim for relief based upon a [transaction or occurrence], the defendant should not be prevented from doing so[.]” Armstrong, 469 S.W.2d at 343. The plaintiff should not reap a benefit, and the defendant the harm, of the plaintiffs decision to delay until the statute of limitations has almost run on his claim.
[¶ 37.] For these reasons, I respectfully dissent.