#25259-aff in pt, rev in pt, & rem & vac in pt-DG

**2010 SD 30**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

UNITED BUILDING CENTERS,            Plaintiff and Appellee,

v.

DAVID OCHS,            Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JACK R. VON WALD
Judge

* * * *

ERIC C. SCHULTE
TIMOTHY M. GEBHART of
Davenport Evans Hurwitz & Smith, LLP
Sioux Falls, South Dakota            Attorneys for plaintiff
and appellee.


RANDALL B. TURNER
Pierre, South Dakota            Attorney for defendant
and appellant.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 11, 2010

OPINION FILED **03/31/10**

#25259

GILBERTSON, Chief Justice

[¶1.] United Building Center (UBC) filed a complaint under SDCL 23A-28-1 to have a criminal restitution order converted into a civil judgment in its favor after David Ochs (Ochs) failed to submit all payments as ordered. Ochs denied the complaint and claimed the restitution order entered as part of his state criminal conviction was discharged in his Chapter 7 federal bankruptcy proceedings. The circuit court concluded a restitution order entered as part of a criminal penalty for violation of state law was not dischargeable in a federal bankruptcy proceeding. It also concluded the criminal restitution order satisfied the United States Supreme Court's three-part test in *Kelly v. Robinson*, 479 US 36, 107 SCt 353, 93 LEd2d 216 (1986). However, the circuit court did not analyze whether the conversion of the restitution order into a civil judgment by a victim of the criminal activity was permitted under state law, or whether it satisfied the three-part *Kelly* test. Ochs appeals. We affirm in part, reverse in part, remand, and vacate the circuit court's civil judgment and order in favor of UBC.

## FACTS

[¶2.] On January 26, 2001, Ochs passed an insufficient funds check to UBC for $25,336.42. On December 6, 2001, Ochs filed for Chapter 7 bankruptcy and listed UBC as an unsecured creditor in his filings. The bankruptcy trustee timely notified UBC of the bankruptcy filing, but UBC elected not to file any motions or adversarial actions against Ochs. On March 5, 2002, the federal bankruptcy court entered the Chapter 7 discharge of debtor order, which included the UBC debt.

[¶3.] On March 13, 2002, eight days after the federal bankruptcy court entered the discharge order in the Chapter 7 proceedings, Ochs pleaded guilty in circuit court to violating SDCL 22-41-1, currently SDCL 22-30A-24 transferred by SL 2005, ch 120, § 139, by passing the insufficient funds check to UBC. He also pleaded guilty to two additional counts of passing an insufficient funds check to two other victims. The circuit court entered an order suspending the imposition of sentence and placing Ochs on probation for five years on condition that Ochs pay court costs, serve ten days in the Brown County jail, and make full restitution to the three victims.

[¶4.] On August 5, 2002, the circuit court entered an order approving the restitution plan for $31,236.70. Of that amount, $30,711.36 represented restitution for the insufficient funds check passed to UBC. The balance represented restitution for the insufficient funds checks passed to the other two businesses for $475.34, and $50.00.

[¶5.] The order approving the restitution plan required Ochs to remit $250.00 monthly payments to the Brown County Clerk of Courts commencing September 5, 2002. The circuit court ordered Ochs to make full restitution by March 13, 2007. The order further stated that failure to comply with the terms of the restitution plan constituted a violation of the conditions of probation.

[¶6.] Ochs made payments to the Brown County Clerk of Courts totaling $1,100.00 before making no further attempt to satisfy the restitution order. On January 13, 2003, the circuit court entered an order revoking Ochs' suspended sentence and probation for failing to make full restitution as ordered. As a result,

the circuit court ordered Ochs to serve two years in the state penitentiary with all but ninety days suspended.

[¶7.]        On May 19, 2005, UBC filed a complaint under SDCL 23A-28-1 to have the restitution order transformed into a civil judgment. SDCL 23A-28-1 provides:

> It is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator's criminal activities to the extent that the violator is reasonably able to do so. An order of restitution *may be enforced by the state or a victim named in the order to receive the restitution* in the same manner as a judgment in a civil action.

(Emphasis added.) At the time UBC filed its complaint, the unpaid balance totaled $27,651.63 exclusive of interest.

[¶8.]        In his answer, Ochs admitted the restitution order existed, but maintained the Chapter 7 bankruptcy proceedings discharged the debt he owed UBC and, therefore, the restitution order was also discharged. Ochs also argued that the conversion of a restitution order into a civil judgment by the victim of the criminal activity did not satisfy the three-part test in *Kelly*, 479 US 36, 107 SCt 353, 93 LEd2d 216. He also filed a counterclaim alleging UBC's actions violated 11 USC § 524(a)(2) and (3).[1] Ochs requested damages for contempt and attorney fees with sanctions under SDCL 15-6-11(c).

---

1.      The federal bankruptcy code provides in relevant part at 11 USC § 524:

    (a) A discharge in a case under this title--
    . . .

    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

                                              (continued . . .)

[¶9.]     UBC moved for summary judgment and the parties submitted the matter to the circuit court on stipulated facts.  The circuit court concluded the restitution order, authorized by SDCL 23A-28-1, was exempt from discharge under the federal bankruptcy code.  It also concluded that the restitution order itself satisfied the United States Supreme Court's three-part test in *Kelly,* 479 US 36, 107 SCt 353, 93 LEd2d 216.  However, the circuit court did not analyze whether the conversion of the restitution order into a civil judgment was permitted by state law. It also did not analyze whether such a conversion passed the three-part test in *Kelly.*  The circuit court then entered an order converting the restitution order to a civil judgment against Ochs and in favor of UBC.

[¶10.]     Ochs appeals raising two issues:

1.     The circuit court erred when it concluded the restitution order was not discharged in Ochs' Chapter 7 bankruptcy proceedings.

2.     Ochs is entitled to attorney fees and costs in the circuit court proceedings by UBC's violation of the bankruptcy court's discharge injunction.

---

(. . . continued)

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

## STANDARD OR REVIEW

> Our standard of review on summary judgment requires this Court to determine whether the moving party has demonstrated the absence of any genuine issue of material fact and entitlement to judgment on the merits as a matter of law. The circuit court's conclusions of law are reviewed de novo. However, all facts and favorable inferences from those facts must be viewed in a light most favorable to the nonmoving party. We will affirm the circuit court's ruling on a motion for summary judgment when any basis exists to support its ruling.

Dakota Plains Ag Ctr., L.L.C. v. Smithey, 2009 SD 78, ¶14, 772 NW2d 170, 178 (quoting Weitzel v. Sioux Valley Heart Partners, 2006 SD 45, ¶16, 714 NW2d 884, 891). Statutory construction is also an issue of law subject to the de novo standard of review. Discover Bank v. Stanley, 2008 SD 111, ¶15, 757 NW2d 756, 761 (citing Martinmaas v. Engelmann, 2000 SD 85, ¶49, 612 NW2d 600, 611).

## ANALYSIS AND DECISION

[¶11.] Both Ochs and UBC agree that the issue before this Court, whether a restitution order imposed in a criminal sentence is discharged by a federal bankruptcy court's discharge order, is controlled by the United States Supreme Court's three-part test in *Kelly*, 479 US 36, 107 SCt 353, 93 LEd2d 216. That test is based on the language in 11 USC § 523 (a)(7) of the bankruptcy code, which provides an exception to the discharge of debts permitted under 11 USC § 727 (b). *Kelly*, 479 at 50-1, 107 SCt at 361-62, 93 LEd2d 216. Debts are discharged under Chapter 7 bankruptcy proceedings with some exceptions, including:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (7) *to the extent such debt is for a fine, penalty, or forfeiture*

> *payable to and for the benefit of a governmental unit, and is not*
> *compensation for actual pecuniary loss*[.]

11 USC § 523 (a)(7) (emphasis added).

[¶12.]     Ochs argues the first element of the *Kelly* test is not satisfied because the restitution award was not a fine or penalty for the offense of passing an insufficient funds check to UBC.  Instead, Ochs argues the ninety days of incarceration he served constituted the only penalty for his criminal offense.  He further argues the second part of the test is not met because the money UBC sought was not for the benefit of a government unit, but for the benefit of UBC as the ultimate recipient of the restitution.  Finally, Ochs argues the third element of the test also fails because the claim represented a pecuniary loss suffered by UBC when Ochs received $25,336.42 in goods in exchange for the insufficient funds check.

*Criminal restitution orders survive bankruptcy proceedings*

[¶13.]     In *Kelly*, the United States Supreme Court reviewed the issue of whether a criminal restitution order was dischargeable under Chapter 7 bankruptcy proceedings.  479 US at 38, 107 SCt at 355, 93 LEd2d 216.  A Connecticut state court convicted the defendant, Robinson, of larceny in the second degree for the wrongful receipt of $9,932.95 in welfare benefits from the Connecticut Department of Income Maintenance (Department).  It then sentenced Robinson to a prison term of no less than one year and no more than three years.  The state court suspended execution of the sentence and placed Robinson on five years probation.  *Id.* at 38-39, 107 SCt at 355, 93 LEd2d 216.  As a condition of her probation, the state court ordered Robinson to make monthly $100.00 restitution payments to the Connecticut Office of Adult Probation.  *Id.* at 39, 107 SCt at 355, 93 LEd2d 216.

After the restitution order was entered, Robinson filed a voluntary Chapter 7 bankruptcy petition. Robinson listed the restitution order as a debt in her petition. Department and the Office of Adult Probation were both notified as creditors, but did not file objections to the discharge. The bankruptcy court granted Robinson a discharge of her debts. At the time of the discharge order, Robinson had paid $450.00 in restitution and then ceased payments taking the position that the bankruptcy order discharged the restitution order. The bankruptcy court took the opposite position, which was adopted by the district court when it imposed Robinson's criminal sentence. *Id.* at 40, 107 SCt at 356, 93 LEd2d 216. The court of appeals reversed. *Id.* at 42, 107 SCt at 357, 93 LEd2d 216. The State appealed and the United States Supreme Court reversed. *Id.* at 43, 107 SCt at 357, 93 LEd2d 216.

[¶14.]       In rendering its decision, the Supreme Court noted that "the criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole." *Id.* at 52, 107 SCt at 362, 93 LEd2d 216. Thus, a restitution order seeks to punish as well as rehabilitate the offender. When a restitution order is imposed, such that the victim has no control over whether restitution is paid or how much is paid, the order operates for the benefit of the State and not for the pecuniary benefit of the victim. *Id.* at 53, 107 SCt at 363, 93 LEd2d 216. In contrast, "[a] bankruptcy proceeding is civil in nature and is intended to relieve an honest and unfortunate debtor of his debts and to permit him to begin his financial life anew." *Id.* at 46, 107 SCt at 359, 93 LEd2d 216 (quoting State v. Mosesson, 78 Misc2d 217, 218, 356 NYS2d 483, 484 (1974)).

[¶15.]     The *Kelly* rule "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Id.* at 50, 107 SCt at 361, 93 LEd2d 216.  Penal sanctions, whether designated as fines, penalties, or forfeitures, are exempted from discharge under 11 USC § 523 (a)(7) when made payable "to and for the benefit of a governmental unit," and are "not compensation for actual pecuniary loss." *Id.* at 51, 107 SCt at 362, 93 LEd2d 216.  A criminal restitution order in which payments are forwarded to a victim and are calculated by the sentencing court with reference to the amount of harm the offender has caused satisfies the three-element rule.  *Id.* at 53, 107 SCt at 362-63, 93 LEd2d 216.

[¶16.]     In South Dakota, a circuit court's authority to enter an order of restitution is found at SDCL 23A-28-3, which provides in relevant part:

> If the sentencing court orders the defendant to the county jail, suspended imposition of sentence, suspended sentence, or probation, the court may require as a condition that the defendant, in cooperation with the court services officer assigned to the defendant, promptly prepare a plan of restitution, including the name and address of each victim, a specific amount of restitution to each victim, and a schedule of restitution payments.

SDCL 23A-28-3 further provides that a restitution order becomes a condition of parole once a defendant is released from the penitentiary.  *Id.*

[¶17.]     With regard to the first element of the *Kelly* test, the circuit court entered an order for a suspended imposition of sentence with the condition that Ochs pay restitution in an amount to be determined by Ochs and the court services officer assigned to the case.  The restitution order for $30,711.36 became a condition of Ochs' probation while the suspended imposition of sentence remained in effect.  Once Ochs violated the restitution order by discontinuing monthly payments, the

circuit court revoked the suspended imposition of sentence and probation.  The order revoking the suspended imposition of sentence stated that all of the terms and conditions in the March 13, 2003 order remained in "full force and effect[.]"  Those conditions included the full satisfaction of the restitution order.

[¶18.]    Ochs' argument that the only criminal penalty imposed by the circuit court was the prison sentence is unsupported by the record and the law.  Ochs remained subject to the possibility of a prison term in addition to the restitution order.  The restitution order also remained part of the penalty imposed after Ochs served ninety days in the penitentiary.  Ochs has never contested the amount of the restitution order, or sought to have the restitution order or its terms altered per the provisions of SDCL 23A-28-3.  Therefore, the first element of the *Kelly* test is satisfied.  The restitution order imposed by the circuit court  represented a part of the criminal penalty ordered against Ochs.

[¶19.]    The second element of the *Kelly* test requires the restitution order be "payable to and for a governmental unit."  479 US at 51, 107 SCt at 362, 93 LEd2d 216.  In the instant case, the restitution order required Ochs to make payments to the Brown County Clerk of Courts.  In turn, the Clerk of Courts forwarded restitution payments to the three victims injured by Ochs' crimes.  The forwarding of payments by the Clerk of Courts to the victims did not make the restitution payable to UBC and the other victims.  *See id.* at 53, 107 SCt at 362-63, 93 LEd2d 216.

[¶20.]    As to the third and final element in the *Kelly* test, we must determine whether the restitution represented compensation to UBC for "actual pecuniary

loss." Under SDCL 23A-28-5, the court services officer may take into account the following factors in determining the amount of restitution a defendant must pay:

> the physical and mental health and condition of the defendant, the defendant's age, the defendant's education, the defendant's employment circumstances, the defendant's potential for employment and vocational training, the defendant's family circumstances, the defendant's financial condition, the number of victims, the pecuniary damages of each victim, what plan of restitution will most effectively aid the rehabilitation of the defendant, and each victim, and such other factors as may be appropriate.

The pecuniary damage suffered by each victim is but one factor to be considered in developing a restitution plan. *Id.* Furthermore, the amount of restitution that can be ordered is limited by the violator's reasonable ability to pay rather than solely by the pecuniary damages incurred by the victims of the crime. SDCL 23A-28-1. The sentencing court's use of the pecuniary loss to the three victims of the crimes in determining the amount to be paid by Ochs did not cause the restitution order to become payable for the benefit of UBC rather than for the benefit of the governmental unit. Therefore, the original restitution order satisfied the three-part *Kelly* test and was not discharged in Ochs' bankruptcy proceedings.

### *A criminal restitution order cannot be converted into a civil judgment*

[¶21.]    There is one characteristic found in the South Dakota criminal restitution statutory scheme not found in the Connecticut scheme reviewed by the United States Supreme Court in *Kelly*. The South Dakota criminal restitution statutory scheme authorizes the victim, or the State, to enforce a restitution order if a defendant fails to satisfy it. SDCL 23A-28-1 permits "a victim named in the order to receive the restitution in the same manner as a judgment in a civil action."

The provision is not unique to our statutory scheme. *See* 18 USC § 3664 (m)(1)(B);

FlaStat § 775.089(5); MichCompLaws § 780.794(13); MinnStat § 611A.04, Subd. 3;

MontCodeAnn § 46-18-249(1); NebRevSt § 29-2286.

[¶22.]    The Mandatory Victims Restitution Act (MVRA), 18 USC § 3664

(m)(1)(B), allows victims to obtain judgment liens based on restitution orders that

are in turn enforceable in the same manner as any state civil judgment.  The MVRA

provides:

> At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order.  Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

18 USC § 3664 (m)(1)(B).  Congress' intent in enacting the MVRA's provision

allowing restitution orders to be registered as judgments was to "protect the rights

of all individuals, including victims, in a manner consistent with due process

requirements," recognizing that a victim has a property interest in a criminal

restitution order.  United States v. Perry, 360 F3d 519, 524-25 (6thCir 2003) (citing

S.Rep. No. 104-179, at 20-21 (1996) reprinted in 1996 U.S.C.C.A.N. 924, 933-34).

[¶23.]    The language in our statutory scheme permits a victim to enforce the

*restitution order* "in the same manner as a judgment in a civil action."  SDCL 23A-

28-1.  Nothing in the statutory scheme permits a victim to convert a restitution

order into a civil judgment and thereby change the terms of the original order under

SDCL ch. 15-16.  Furthermore, no statutory authority permits a victim to renew a restitution order upon affidavit per the provisions of SDCL 15-16-33.  Instead, a restitution order expires upon the terms stated in the order and may only be extended by the sentencing court.  SDCL 23A-28-8.[2]  Nor can a victim modify the original terms of the restitution order, which may only be done by the sentencing court.  *Id.*

[¶24.]        Allowing a victim of a crime to convert a restitution order into a civil judgment would give a civil court jurisdiction and authority to alter the terms of a criminal restitution order without any statutory authority.  Such conversions would also violate the three-part *Kelly* rule.  With regard to the first *Kelly* element, a civil judgment would no longer be imposed as a condition of Ochs' probation.  A civil judgment would also eliminate Ochs' ability to contest the amount due and payment terms.  Furthermore, conversion of the criminal restitution order would make the resulting civil judgment payable to and for the benefit of a non-governmental unit, thereby violating the second *Kelly* element.  Finally, conversion would transform the criminal restitution order into an ordinary debt, and the factors listed in SDCL

---

2.      SDCL 23A-28-8 provides:

> Failure of the defendant to comply with § 23A-28-3 or to comply with the plan of restitution as approved or modified by the court constitutes a violation of the conditions of probation.  Without limitation, the court may modify the plan of restitution or extend the period of time for restitution, regardless of whether the defendant is no longer on probation.  If the defendant fails to make payment as ordered by the court, the defendant may be held in contempt of the court's order.

23A-28-5 would no longer be used to determine the amount owed or the plan for payment.

[¶25.] All that SDCL 23A-28-1 permits is enforcement of the original restitution order "in the same manner as a judgment in a civil action." UBC's remedy under SDCL ch. 23A-28 was to file the restitution order with the clerk of courts for any county in which Ochs maintained property as if it were a civil judgment. The remedy did not extend to converting the restitution order into a civil judgment no longer subject to the authority of the original sentencing court. UBC also could have instituted garnishment proceedings and pursued liens under SDCL ch. 15-16, subject to the original terms of the restitution order requiring $250 monthly payments to the Brown County Clerk of Courts until the original balance of $31,236.70 was satisfied with no provision for accrued interest.

[¶26.] In the alternative, UBC could have used the procedures contained in SDCL 23A-27-25.6 and SDCL 23A-27-26.[3] Sentences that include a fine, costs or

---

3. SDCL 23A-27-25.6 provides:

> If the sentence includes a fine, costs, or restitution, *execution may issue thereon as a judgment against the convicted defendant in a civil action. Such a judgment is a lien and may be docketed and collected in the same manner.* If the defendant is in default on payment, the levy or execution for the collection of the fine, costs, or restitution, do not discharge a defendant committed to imprisonment for contempt pursuant to this chapter until the amount due has actually been collected.

(Emphasis added.)

SDCL 23A-27-26 provides:

(continued . . .)

restitution may thus be docketed in the same manner as a civil judgment against the defendant and collected in the same manner, including issuing execution for enforcement. Should such a sentence or criminal restitution order be docketed as a civil judgment in favor of a victim, that civil judgment would be subject to the bankruptcy law and unenforceable under *Kelly*. However, the docketed civil judgment would only be unenforceable as a civil judgment if the defendant filed for bankruptcy. Bankruptcy would not change the enforceability of the original criminal restitution order or judgment for payment of costs, fines, or restitution.

## CONCLUSION

[¶27.] The circuit court did not err when it determined that the restitution order was not discharged in Ochs' bankruptcy proceedings. However, the circuit court had no precedent on the issue of how a criminal restitution order can be enforced by a victim of the crime. Without precedent to follow, the circuit court erred when it permitted UBC to convert the original restitution order into a civil judgment. It was without statutory authority to enter a civil judgment and order against Ochs in favor of UBC. The resulting civil judgment and order also violated the three-part *Kelly* rule.

---

(. . . continued)

> In all criminal actions, upon conviction of the defendant, the court may adjudge that the defendant pay the whole or any part of the costs of that particular prosecution in addition to the liquidated costs provided by § 23-3-52. However, the costs shall not include items of governmental expense such as juror's fees, bailiff's fees, salaries and expenses of special agents, and reporter's per diem. *Payment of costs may be enforced as a civil judgment against the defendant.*

(continued . . .)

#25259

[¶28.]    With regard to Issue 2, whether Ochs was entitled to attorney fees and penalties, the circuit court did not consider this issue.  Instead, it found that UBC's conduct was not in violation of the bankruptcy court's discharge injunction.  We also do not consider the issue because of our holding in Issue 1, that the restitution order survived the bankruptcy order.

[¶29.]    Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.  We also vacate the circuit court's civil order and judgment in favor of UBC.

[¶30.]    KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.

_____

(. . . continued)
    (Emphasis added.)

-15-