HALM INSTRUMENT COMPANY, Inc., Plaintiff,

v.

SIGMA ENGINEERING SERVICE, INC., Defendant.

Civ. A. No. 98–66 Erie.

United States District Court
W. D. Pennsylvania.

April 25, 1967.

W. Houston Kenyon, Kenyon & Kenyon, New York City, Bernard F. Quinn, Erie, Pa., for plaintiff.

Charles L. Lovercheck, Erie, Pa., Robert F. Conrad, Washington, D. C., for defendant.

WILLSON, District Judge.

## MEMORANDUM ON MOTIONS TO DISMISS AND TO AMEND COUNTERCLAIM

This civil action is before the Court on two motions filed by the defendant. The first is a motion to dismiss. The second is a motion to amend the answer by striking out the counterclaim for patent infringement and substituting in lieu thereof a counterclaim for royalties.

In its complaint plaintiff says this is an action seeking a declaratory judgment of patent invalidity and non-infringement and arises under the Patent Laws, Title 35 U.S.C., and jurisdiction and venue are founded upon Title 28 U.S.C. §§ 2201–2202, 1332, 1338 and 1391, and the amount in controversy exceeds $10,000.

It is averred that defendant owns Patent No. 3,054,167 issued September 18, 1962 for Capping Machine. Plaintiff recites in the complaint that defendant has charged it with infringement of the patent, but this is denied, and it is asserted that the patent is invalid and void.

Defendant duly filed its answer. In it, the jurisdiction and venue are admitted.

Defendant admits also that plaintiff at present denies infringement of the patent. But defendant averred in its answer that on January 21, 1963, defendant herein, that is, Sigma Engineering Service, Inc., sued plaintiff Halm Instrument Company, Inc., in the United States District Court for the Eastern District of New York, C. A. No. 63–C–76. In that case, Sigma claimed ownership of the patent and charged Halm with infringement. Halm denied infringing the patent and in turn charged invalidity. The parties engaged in extensive discovery, but on September 28, 1964, executed a written settlement agreement. In it, Sigma is referred to as the licensor and Halm as the licensee. It is apparent from an inspection of the agreement that it was precisely drawn and expresses the full understanding of the parties. In the Tenth Paragraph, it is recited that—

"The parties hereby agree to discontinue the action in the United States District Court, Eastern District of New York, Index No. 63C76, entitled Sigma Engineering Service, Inc., Plaintiff, v. Halm Instrument Co., Inc., Defendant, and Halm Instrument Co., Inc., Third Party Plaintiff, v. Joseph E. Gordon, Third Party Defendant, *with prejudice and without costs."* [Emphasis Supplied]

On February 13, 1967 defendant filed its motion to dismiss the complaint. The dismissal motion is based on the proposition that the New York case was settled with prejudice, and Halm has accepted a license under the patent, having paid the lump sum of $6,920.00 for past infringement and made payments of royalties as provided in the agreement. It is asserted that Halm is attempting to reopen the issue of validity of the patent by cancelling the royalty contract and bringing the instant action for declaratory judgment. Prior to the hearing date on the motion to dismiss, defendant moved the Court for an order permitting it to file an amended counterclaim for royalties. In this motion the prior litigation is referred to, and it is also averred that plaintiff and defendant have operated under the license agreement since the date of the settlement on September 28, 1964; and up to and including September 30, 1966, plaintiff paid royalties. It is averred also that plaintiff has failed to make payment of royalties which became due on the last day of January 1967 which, says defendant, is past due.

In connection with the motion to dismiss, several matters outside the pleadings have been presented and considered by the Court. Thus, pursuant to Rule 12(b), the motion is to be treated as one for summary judgment and disposed of as provided in Rule 56. The matters referred to as being presented are the settlement agreement of September 28, 1964; the certificate of the Clerk showing the discontinuance of the New York action No. 63C76, filed on October 16, 1964 on a stipulation signed by counsel; and also the letter of September 30, 1966 from Halm to Sigma in which Halm sought to rescind, denounce and abandon the license agreement between the parties dated September 28, 1964. The legal effect of these various documents is, of course, disputed but their genuineness is not in issue, nor is the fact that they are to be considered by the Court in ruling on the motions.

The main ground for dismissal is the termination of the litigation in the New York case. An examination of the record in that case shows that the stipulation was signed by counsel, and the case was marked discontinued without costs to either party. But it is to be recalled that the agreement settling this litigation required the case to be dismissed with prejudice and without costs. It is certain in this Circuit that a dismissal without qualification operates as an adjudication on the merits. Kuzma v. Bessemer & Lake Erie RR. Co., 3 Cir., 259 F.2d 456, (1958). Thus, it seems that the settlement of the New York litigation brought about by the agreement of September 28, 1964, followed by

the discontinuance executed October 16, 1964 should estop plaintiff from reopening the dispute which had existed between these parties and which led Sigma to sue Halm in the United States District Court for the Eastern District of New York.

But plaintiff says that it had the right to send its letter of September 30, 1966 rescinding, denouncing and abandoning the agreement of September 28, 1964 on the ground of invalidity of the patent. In that letter Sigma says that it regarded itself as a stranger to the patent in no way shielded by the agreement for a suit for infringement thereof. In response to this letter, Sigma filed no lawsuit. It replied to the letter, and there was some correspondence between counsel. But Halm's intentions appear clear, as on October 7, 1966—a week after its letter —it filed the instant complaint for declaratory judgment.

Sigma under the circumstances found itself required to file an answer which it did on November 25, 1966. It denied that plaintiff had the right to bring the instant action. In the answer defendant Sigma recited the New York litigation and its termination. It referred to the license agreement of September 28, 1964. It averred that Halm made regular payment of royalties up to and until September 30, 1966. It referred to the letter of September 30, 1966 wherein plaintiff asserted that the patent agreement was void. It then in its answer inserted a counterclaim for patent infringement. In the counterclaim it asserted that it owned Patent No. 3,054,167. In its prayer for relief in the counterclaim, inter alia, it asserted that plaintiff Halms is estopped from bringing a declaratory judgment action and is estopped to deny the validity or infringement of the patent in question. Thereafter, the parties engaged in discovery and on February 13, 1967, as recited, defendant filed its motion to dismiss the complaint. Then on March 16, 1967 the second motion was filed wherein Sigma moved that

an amended counterclaim—"be entered and substituted for the counterclaim and prayers filed with defendant's answer."

Defendant's two motions came on for oral argument which has been held and the briefs filed and considered.

 Plaintiff asserts that it renounced the license agreement and that this renunciation disposes of defendant's motions to dismiss and to amend its counterclaim. With respect to the renunciation, plaintiff argues that under New York law, a patent licensee intending to continue further manufacture may unilaterally renounce his license, disclaiming all future protection thereof, and thereby lay himself open to all the risks of an infringement suit. Plaintiff admits that this renunciation is ineffective unless acquiesced in by the licensor, and in the instant case, contends that such acquiescence is supplied by defendant's filing, as part of its answer, a counterclaim for patent infringement. Having thus acquiesced in plaintiff's renunciation of the license agreement, defendant cannot, argues plaintiff, bring a claim for relief thereunder as it has attempted to do by its amended answer. With respect to defendant's motion to dismiss, plaintiff admits that the normal rule is that a licensee is estopped to assert the invalidity of the patent which is the subject of the license agreement. However, plaintiff argues, this estoppel ceases when the license is terminated. A termination occurred, says plaintiff, when Sigma counterclaimed for patent infringement in its answer to the complaint filed for declaratory judgment. But it seems to the Court that plaintiff's position overlooks several points. The first is that Sigma was confronted with a complaint which it had to answer. It was entitled under Rule 8(e) (2) to plead in the alternative. It denied plaintiff's right to bring the complaint for declaratory judgment—first, on the ground that the New York case was a settlement of all issues between the parties with regard

to the patent, as the contract provided for settlement with prejudice. It then asserted a counterclaim for infringement, but prior to trial and timely, it seems to the Court, has withdrawn the infringement counterclaim and has moved to insert a counterclaim for royalty. This is a consistent position adopted prior to trial by defendant, as it confirms the license agreement and the settlement of the litigation. It is not a case where a suit for infringement is filed and persisted in, and then an inconsistent position is afterwards taken. It seems to this Court that Hall Laboratories, Inc. v. National Aluminate Corp., 3 Cir., 224 F. 2d 303, (1955) is controlling and requires a dismissal of the action.

The cases relied upon by plaintiff in support of its proposition that defendant, having counterclaimed for infringement of its patent, either accepted or acquiesced in plaintiff's repudiation of the patent license, or itself repudiated the license, are not controlling here. The quoted language from St. Paul Plow Works v. Starling, 140 U.S. 184, 11 S.Ct. 803, 35 L.Ed. 404 (1891), is dictum and in no way the holding of that case. Further, in St. Paul Plow Works, as well as in N. S. W. Co. v. Wholesale Lumber & Millwork, Inc., 123 F.2d 38, (6th Cir. 1941) and in Tate v. Baltimore & O. R. Co., 229 F. 141, (4th Cir. 1915), not only were the facts different from the case at bar in that it was the patentee-licensor who instituted the action for patent infringement, but also there was no indication of previously-compromised litigation between the parties on the matter in dispute. But more important to the disposition of the motion to dismiss is the settlement agreement of September 28, 1964 followed by the discontinuance. The parties bargained for and agreed upon a termination of the litigation with prejudice. Under the circumstances Halm cannot now say that the discontinuance executed by counsel comes under Rule 41 (a) (1)—that is, a voluntary dismissal

without prejudice. Such a conclusion would elevate form above substance as certainly a dismissal with prejudice was embraced in the settlement agreement.

■ It seems to the Court in this case that the plaintiff after a final termination of patent litigation has sought the device of renunciation and declaratory judgment to avoid the general rule that a licensee is estopped to contest the validity of the licensed patents. "[T]he legal shorthand of estoppel" will not permit plaintiff Halm to succeed in this instance. *Hall*, 224 F.2d p. 306.

■■ Defendant's second motion remains to be considered. In the answer commencing with the Seventh Paragraph, —Counterclaim for Patent Infringement —defendant alleged that plaintiff has been since September 30, 1966, and still is, infringing Sigma Patent No. 3,054,-167. The relief sought is an injunction and damages. In the motion to amend the counterclaim, Sigma deletes the counterclaim for patent infringement and inserts in lieu thereof, commencing at the Seventh Paragraph of the answer, a counterclaim for royalties only. But it is not to be overlooked that defendant in the counterclaim repleads and specifically refers to the termination of the New York Civil Action as barring plaintiff from any relief in the present case. Because this Court will dismiss the complaint, the point arises as to whether the Court has jurisdiction over the proposed counterclaim for royalties. The basis of the dismissal is the estoppel arising from the termination of the New York litigation. The first part of the instant motion is to delete the counterclaim for patent infringement. At this stage, there is no reason why plaintiff should not be permitted to withdraw its counterclaim for patent infringement regardless of whether the counterclaim for royalties stands or falls. That portion of the motion must be examined under Rule 13 as to whether it is a compulsory or permis-

sive counterclaim. If the former, it needs no independent ground of jurisdiction. If it is permissive only, an independent basis of federal jurisdiction must exist. But it is not easy to decide whether the proposed counterclaim is compulsory under Rule 13(a). The other requirements of that rule are not involved, but the question is whether the counterclaim arises out of the transaction or occurrence that is the subject matter of the complaint. It seems to the Court that it does. Although the complaint is styled one—for declaratory judgment—it seeks to avoid the New York litigation settlement and reopens the issue of the Sigma patent's validity. In defense, Sigma asserts the compromise of that litigation. It seems to this Court that both the initial claim and the proposed counterclaim are logically related. Separate trials on each of the respective claims would involve a duplication of effort and time by the parties in this Court. For instance, if plaintiff's case is tried, defendant is entitled to raise the settlement as a defense. If that is a defense, then defendant should be entitled to collect its royalties in the same law suit. Thus, the proposed counterclaim logically is a part of the settlement defense, and being compulsory, remains alive even though the complaint is dismissed. Defendant's motion will be granted. See the language of Chief Judge Biggs in Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634, (1961).

### ORDER

And now, *April 25, 1697*, for the reasons mentioned in the foregoing memorandum:—(1) defendant's motion to dismiss is granted and the plaintiff's cause of action for a declaratory judgment is dismissed; and (2) the defendant's motion to amend its counterclaim beginning with Paragraph Seven and substituting the amendment filed with this motion on March 16, 1967, is likewise granted, and

It is so ordered.