#25097-a-MILLER, Retired Justice

**2010 SD 18**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CHRISTOPHER JOHN MURRAY,
a/k/a CHRIS MURRAY,                    Plaintiff and Appellee,

   v.

TRAVIS GARY MANSHEIM, a/k/a
TRAVIS MANSHEIM,                       Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
TRIPP COUNTY, SOUTH DAKOTA

* * * *

HONORABLE KATHLEEN F. TRANDAHL
Judge
* * * *

SHAWN M. NICHOLS
DOUGLAS DEIBERT of
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota
and
DONALD E. COVEY
Winner, South Dakota
and
CLINT L. SARGENT of
Danforth & Meierhenry, LLP
Sioux Falls, South Dakota          Attorneys for plaintiff
                                   and appellee.

JACK THEELER
JODY ODEGAARD SMITH of
Morgan, Theeler, Wheeler,
  Cogley & Petersen, LLP
Mitchell, South Dakota             Attorneys for defendant
                                   and appellant.

* * * *

CONSIDERED ON BRIEFS
ON OCTOBER 5, 2009
OPINION FILED **02/24/10**

#25097

MILLER, Retired Justice

[¶1.] In this decision we affirm the circuit court and hold that a compulsory counterclaim seeking affirmative relief in a personal injury action cannot be served after the expiration of the statute of limitations. Christopher John Murray and Gary Travis Mansheim were involved in a two-car accident. Immediately prior to the expiration of the statute of limitations, Murray commenced an action against Mansheim for damages he sustained as a result of the accident. Along with his timely answer, Mansheim served a counterclaim against Murray after the expiration of the statute of limitations. Murray moved for summary judgment seeking to dismiss Mansheim's counterclaim grounded on the failure to bring the counterclaim within the time imposed by the statute of limitations. The circuit court granted the motion.

**FACTS**

[¶2.] The salient facts are not in dispute. On September 13, 2003, Murray and Mansheim were involved in a motor vehicle accident in which both Murray and Mansheim sustained injuries. On September 12, 2006, Murray commenced a timely personal injury action against Mansheim by service of summons pursuant to SDCL 15-2-30. On September 13, 2006, a personal injury action by either party arising from the September 13, 2003 accident became time-barred. *See* SDCL 15-2-1, -14(3). On October 9, 2006, nearly a month after the expiration of the action, Mansheim served an answer and a counterclaim alleging Murray's negligence and seeking damages for injuries sustained as a result of the accident. It is undisputed that Mansheim's counterclaim arose out of the same transaction or occurrence as

- 1 -

the subject matter of Murray's claim, and therefore, is a compulsory rather than permissive counterclaim. *See* SDCL 15-6-13(a).

[¶3.]    On July 10, 2008, Murray moved for summary judgment, arguing that because Mansheim's counterclaim was initiated after the applicable three-year statute of limitations, it should be dismissed. At the hearing, the parties disputed the applicability of the statute of limitations to Mansheim's compulsory counterclaim. SDCL 15-2-14(3) provides a three-year limitation on the commencement of personal injury actions: "Except where, in special cases, a different limitation is prescribed by statute, the following civil actions . . . can be commenced only within three years after the cause of action shall have accrued: . . . (3) An action for personal injury." Because Mansheim served his compulsory counterclaim after the running of the statute of limitations, and because the circuit court interpreted SDCL 15-2-14.1 and SDCL 15-2-14.5 to indicate legislative disapproval of tolling for affirmative compulsory counterclaims, it granted Murray's motion for summary judgment. Mansheim appeals.

**STANDARD OF REVIEW**

[¶4.]    Our standard of review regarding summary judgment is well established:

> [W]e must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied.

> If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

Jacobson v. Leisinger, 2008 SD 19, ¶24, 746 NW2d 739, 745 (quoting Cooper v. James, 2001 SD 59, ¶6, 627 NW2d 784, 787).

[¶5.]    When summary judgment is granted on a statute of limitations defense:

> The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. When faced with "'a summary judgment motion where the defendant asserts the statute of limitations as a bar to the action and presumptively establishes the defense by showing the case was brought beyond the statutory period, the burden shifts to the [nonmoving party] to establish the existence of material facts in avoidance of the statute of limitations[.]'" It is well settled that "'[s]ummary judgment is proper on statute of limitations issues only when application of the law is in question, and not when there are remaining issues of material fact.'" Generally, a statute of limitations question is left for the jury; however, deciding what constitutes accrual of a cause of action is a question of law and reviewed de novo.

*Id.* (quoting *James*, 2001 SD 59, ¶7, 627 NW2d at 787). There are no issues of material fact in this case. Both issues presented are questions of law reviewed de novo. *Id.*

## ISSUES

1.    Whether counterclaims are deemed commenced with the initial action, as part of the initial action, or when stated in the pleadings and served on the opposing party.

2.    Whether a compulsory counterclaim seeking affirmative relief relates back to the opposing party's timely initial complaint or if that initial complaint tolls the statute of limitations for compulsory counterclaims seeking affirmative relief.

**ANALYSIS AND DECISION**

[¶6.]      **1.**      **Whether counterclaims are deemed commenced with the initial action, as part of the initial action, or are commenced when stated in the pleadings and served on the opposing party.**

[¶7.]      We acknowledge an inherent dilemma: our statutes of limitation bar the untimely *commencement* of actions, SDCL 15-2-1, and yet, by law, counterclaims are not technically *commenced* (no summons required). SDCL 15-6-13(a), -13(b). Therefore, it would appear that limitation laws should not bar counterclaims. However, we have an obligation to interpret law in a manner avoiding "absurd results," and therefore, decline to hold that counterclaims are not subject to statutes of limitation. *See* City of Sioux Falls v. Ewoldt, 1997 SD 106, ¶17, 568 NW2d 764, 768. In deciding how limitation laws apply to the different counterclaims, we must decide whether both compulsory and permissive counterclaims are "actions" under SDCL 15-1-1(1), and when each is "commenced" for purposes of SDCL 15-2-1.

*Counterclaims are Actions*

[¶8.]      Under South Dakota law, both permissive and compulsory counterclaims seeking affirmative relief are "actions" subject to statutes of limitation.[1] An "action" is defined as "an ordinary proceeding in a court of justice,

---

1.      Were we to parse the language of the statutes and hold that counterclaims are not "actions" but "claims," we would reach the absurd result that counterclaims are not subject to statutes of limitation under South Dakota law because only the commencement of *actions* are limited by prescribed periods. *See* SDCL 15-2-1 ("Civil *actions* can only be commenced within the periods prescribed in this title. . . ." (Emphasis added.)); *see also* SDCL 15-2-14.1 (indicating counterclaims seeking affirmative relief are subject to statutes of limitation).

by which a party prosecutes another party for the enforcement, determination, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." SDCL 15-1-1(1). Based on this definition, both types of claims must be treated as actions for purposes of limitation laws because nothing prohibits a party from bringing either type of counterclaim as an independent action while the initial action still is pending. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1418, at 142 (2d ed 1990 & Supp 2009) (Wright, Miller & Kane) ("[N]either res judicata nor waiver or estoppel . . . prevent a party who does not want to assert his claim as a compulsory counterclaim in a suit instituted by his opponent from bringing an *independent action* on that claim while the first action still is pending[.]" (Emphasis added.)). Furthermore, a counterclaim, permissive or compulsory, survives when the original action is voluntarily dismissed and becomes an independent action. *See* SDCL 15-6-41(a)(2); Halm Instrument Co. v. Sigma Eng'g Serv., Inc., 42 FRD 416, 421 (WDPa 1967) (noting a compulsory counterclaim "remains alive even though the complaint is dismissed"). Because counterclaims are actions subject to limitation laws, we must next determine when they are commenced.

*Commencement of Counterclaims*

[¶9.]     We recognize that our limitation laws apply to the *commencement* of actions, SDCL 15-2-1, and that the *only* way to commence an action is by service of summons. SDCL 15-2-30. We further acknowledge that neither a compulsory nor permissive counterclaim is initiated by service of summons. *See* SDCL 15-6-13(a) (providing that "[a] pleading shall *state* as a counterclaim . . . ." (Emphasis added.));

SDCL 15-6-13(b) (providing that "[a] pleading may *state* as a counterclaim . . . ." (Emphasis added.)). Therefore, in order for statutes of limitation to apply to counterclaims, we must deem counterclaims commenced either along with the initial action or when stated in the pleadings and served on the opposing party. We have already refused to "relate back" permissive counterclaims indicating that permissive counterclaims are commenced when asserted in the pleadings and served on the opposing party. *See Jacobson*, 2008 SD 19, ¶30 n7, 746 NW2d at 747 n7. Because the statutory procedure for asserting compulsory and permissive counterclaims is identical, we likewise hold that compulsory counterclaims are commenced when served on the opposing party.[2]

---

2.  Because there is no statutory basis for a disparate commencement time for compulsory and permissive counterclaims seeking affirmative relief, we decline to follow the dissent's reasoning. Were we to follow the dissent's rationale, *both* types of counterclaims must be deemed part of the initial action for limitation laws purposes. This necessarily follows because both are "actions" that are asserted without a summons. *See* SDCL 15-6-13(a), -13(b); dissent ¶¶32-33. To suggest that only compulsory counterclaims are part of the initial action, as the dissent does, would make permissive counterclaims logically illusory, *i.e.*, not able to be commenced and not part of the initial action. Therefore under the dissent's rationale, both must be part of the initial action because neither counterclaim is commenced by summons. However, as noted above, we have already determined that permissive counterclaims are not part of the initial action and are commenced for limitations purposes when served on the opposing party. *See Jacobson*, 2008 SD 19, ¶30 n7, 746 NW2d at 747 n7. Moreover, by not deeming either counterclaim as part of the initial action or commenced along with the initial action, we avoid the result that a summons could preserve the viability of any counterclaim forever so long as the initial action was commenced within the statutes of limitation for the asserted counterclaim. Finally, deeming both counterclaims commenced when served is consistent with our holding in this opinion that independent actions that have expired do not lose their independent nature and garner a longer limitations period merely by being labeled a "counterclaim."

[¶10.]    With great caution and because it is "imperatively required to make [our counterclaim, limitation law, and commencement statutes] rational," *see Fin-Ag, Inc. v. Pipestone Livestock Auction Market, Inc.*, 2008 SD 48, ¶16, 754 NW2d 29, 38 (citation omitted), we deem all counterclaims "commenced" for purposes of limitation laws when they are *stated in the pleadings and served* on the opposing party. Therefore, because Mansheim served his counterclaim after the limitations period, his action was time-barred. The only questions that remain are whether the initial action tolls the statute of limitations for a compulsory counterclaim seeking affirmative relief or whether that type of counterclaim "relates back" to the opposing party's initial complaint.

[¶11.]    **2.    Whether a compulsory counterclaim seeking affirmative relief relates back to the opposing party's timely, initial complaint or if that initial complaint tolls the statute of limitations for compulsory counterclaims.**

[¶12.]    Mansheim argues that under the majority rule, a compulsory counterclaim is not barred after the expiration of the statute of limitations. He notes that statutes of limitation provide a speedy and fair adjudication of the rights of the parties and protect parties from stale claims. He contends these objectives are upheld by allowing compulsory counterclaims after the expiration of the statute of limitations because the issues and evidence are the same. Murray responds with an abundance of authorities that hold compulsory counterclaims seeking affirmative[3] relief are subject to statutes of limitation because they are regarded as

---

3.    Mansheim's compulsory counterclaim is not used "purely as a matter of defense in the nature of . . . recoupment," *see DiNorscia v. Tibbett,* 124 A2d 715, 716 (DelSuperCt 1956), but as an affirmative claim for relief. The

(continued . . .)

independent causes of action. Interestingly, both parties assert South Dakota law demands their conclusion.

[¶13.] This is a case of first impression in South Dakota. We have refused to relate back permissive counterclaims to the filing of the opposing party's complaint. *Jacobson*, 2008 SD 19, ¶30 n7, 746 NW2d at 747 n7.[4] However, we have yet to decide if compulsory counterclaims seeking affirmative relief relate back to the opposing party's initial complaint or if that initial complaint tolls the statute of limitations. In so doing, we first review the pertinent rules of civil procedure to determine if the "relation-back" rule is applicable.

[¶14.] The concept of "relation back" found in SDCL 15-6-15(c) with regard to *amended* pleadings is not applicable to the instant inquiry. That statute applies to situations where a later "amended pleading" seeks to "relate back" to the date of the "original pleading" of *that party*, not the original pleading of a different party. SDCL 15-6-15(c); *cf*. Lewis v. Moorhead, 522 NW2d 1, 6 (SD 1994) (noting an amended complaint asserting a new claim after statute of limitations had expired may relate back to that party's original complaint). Because the date of Mansheim's

---

(. . . continued)
counterclaim specifically requests "judgment against plaintiff in an amount to be determined by a jury."

4. In *Jacobson*, we also noted that "compulsory counterclaims benefit from the relation back doctrine." 2008 SD 19, ¶30 n7, 746 NW2d at 747 n7 (citations omitted). However, the question before this Court in *Jacobson* was whether Leisinger's defamation claim had accrued or whether a *permissive* counterclaim would relate back. *Id*. ¶¶19-31, 746 NW2d at 744-47. Therefore, any reference in *Jacobson* to compulsory counterclaims "was mere dicta and not binding as legal precedent in this case." *See* Wiersma v. Maple Leaf Farms, 1996 SD 16, ¶5 n1, 543 NW2d 787, 790 n1.

original pleading (answer) is after the statute of limitations expired, any relation back that might be allowed under SDCL 15-6-15(c) for counterclaims is of no benefit to Mansheim. Therefore, any reference to "relation back" in this case is independent of SDCL 15-6-15(c).[5]

[¶15.]    We necessarily turn our focus to other authorities for guidance. This Court's research reveals a significant split of authority. Some jurisdictions hold that counterclaims seeking affirmative relief are barred by the statute of limitations, while others conclude the timely commencement of the plaintiff's action either tolls or waives the statute of limitations for compulsory counterclaims. Still others hold that compulsory counterclaims relate back to the opposing party's timely complaint. Interestingly, courts on both sides claim to follow the "majority rule."

[¶16.]    Two recognized authorities on civil procedure acknowledge this issue is unresolved in the courts and that there is a clear split of authority. *See* 6 Wright, Miller & Kane § 1419; 3 James WM. Moore *et al.*, *Moore's Federal Practice* § 13.93

---

5.    Our statutes also provide no guidance as to the tolling of statutes of limitation for counterclaims. The only two statutes that mention counterclaims and statutes of limitation are SDCL 15-2-14.1 and SDCL 15-2-14.5. These statutes allow a patient to assert a *time-barred* counterclaim in the form of a defense to a later timely medical service provider's claim. This is not a tolling provision as this statute does not allow the time-barred claim to be brought as an action. Rather, this codifies the rule that counterclaims seeking recoupment are "in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action is timely." *See* Bull v. United States, 295 US 247, 262, 55 SCt 695, 700-01, 79 LEd2d 1421 (1935). These amendments represent a narrow, surgical amendment to our medical malpractice limitations law and provide little guidance for this appeal.

(3d ed 2009) (hereinafter *Moore's Federal Practice*). Of note, these two treatises are in disagreement as to what constitutes the majority rule. *See* 3 *Moore's Federal Practice* § 13.93, at 13-88 ("Counterclaims and cross-claims for affirmative relief are, with some exceptions, subject to the operation of applicable statutes of limitations."); 6 Wright, Miller & Kane § 1419, at 152 ("[T]he majority view appears to be that the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim."). Because of the divided views regarding this issue, our analysis will synthesize the rationale for both positions, consider the merits of both, and reach a conclusion based on those merits.

[¶17.]        Under one view, "[i]t is fairly well established under [limitations law] that a counterclaim for affirmative relief . . . is subject to the operation of pertinent statutes of limitation." Hurst v. U.S. Dep't of Educ., 901 F2d 836, 837 (10thCir 1990). The apparent rationale for this rule is that a counterclaim seeking affirmative relief "is not stripped of its character as an independent action by acquiring the label counterclaim." Brown v. Hipshire, 553 SW2d 570, 572 (Tenn 1977). Thus, this view disregards equity and advances strict adherence to the statute of limitations reasoning that "our recognition of the legislative prerogative override[s] any justification asserted for extending the life of a counterclaim." Crivaro v. Rader, 469 NE2d 1184, 1187 (IndCtApp 1984).

[¶18.]        The contrary view holds that "'the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.'" Burlington Indus. v. Milliken & Co., 690 F2d 380, 389 (4thCir

1982), *cert. denied,* 461 US 914, 103 SCt 1893, 77 LEd2d 283 (1983) (quoting 6

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1419, at

109 (1971)). This view reflects the rationale put forth by Wright, Miller & Kane:

> This approach precludes plaintiff, when the claim and counterclaim are measured by the same period, from delaying the institution of the action until the statute has almost run on defendant's counterclaim so that it would be barred by the time defendant advanced it. Nor is plaintiff apt to be prejudiced by the tolling of the statute, since he presumably has notice at the time he commences his action of any counterclaim arising out of the same transaction as his suit. Moreover, the necessarily close relationship between the timely claim and the untimely counterclaim should insure that the latter is not "stale" in the sense of evidence and witnesses no longer being available[.]

6 Wright, Miller & Kane § 1419, at 152-53. Therefore, this position embraces equity

focusing on the lack of prejudice to a plaintiff. Armstrong v. Logsdon, 469 SW2d

342, 343 (Ky 1971) ("Simple justice dictates that if the plaintiffs are given an

opportunity to present a claim for relief based upon a particular automobile

collision, the defendant should not be prevented from doing so by a mere

technicality." (citation omitted)).

[¶19.] Our research indicates that seven federal circuit courts have refused to

toll or waive the statute of limitations, or have noted counterclaims seeking

affirmative relief "may not be allowed."[6] Only three federal circuit courts allow the

---

6. *See* Wells v. Rockefeller, 728 F2d 209, 214-16 (3dCir 1984) (compulsory counterclaims seeking dissolution and accounting and for fraud were barred by statute of limitations); *In re* Smith, 737 F2d 1549, 1552-54 (11thCir 1984) (disallowing time-barred affirmative claim to be brought as counterclaim noting that "this change of labels does not effect a change in the essential character of the action"); Chauffeurs, Teamsters, Warehousemen, and Helpers, Local Union No. 135 v. Jefferson Trucking Co., 628 F2d 1023, 1027 (7thCir 1980) ("A counterclaim for affirmative relief may not be asserted if

(continued . . .)

expired compulsory counterclaim to relate back to the initial, timely complaint.[7]

Furthermore, of the states that do not have a specific statute[8] on point, at least

_____

(. . . continued)

barred by the statute of limitations."); *see also* Luckenbach S.S. Co. v. United States, 312 F2d 545, 551 (2dCir 1963) ("The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations."); City of Grand Rapids, Mich. v. McCurdy, 136 F2d 615, 619 (6thCir 1943) ("The defense of recoupment exists as long as the plaintiff's cause of action exists and may be asserted, though the claim as an independent cause of action is barred by limitations."); Penn. R. Co. v. Miller, 124 F2d 160, 161-62 (5thCir 1941) (noting a counterclaim asserting an "affirmative cause of action [ ] may be barred by limitation"); Williams v. Neely, 134 F 1, 13 (8thCir 1904) (same); *cf.* Durant v. Murdock, 3 AppDC 114, 126-28 (DCCir 1894) ("[I]t is not the institution of a suit, but the exhibiting of a cause of action, that determines the application of the statute of limitations, whether it be by amendment of the declaration or bill of complaint . . . or by the interposition of a counterclaim[.]")

7.  *See* Religious Tech. Center v. Scott, 1996 WL 171443, at *8 (9thCir 1996) (unpublished) ("[A] compulsory counterclaim relates back to the filing of the original complaint."); Employers Ins. of Wausau v. United States, 764 F2d 1572, 1576 (FedCir 1985) ("The institution of a plaintiff's suit suspends the running of limitations on a compulsory counterclaim while the suit is pending."); Burlington Indus. v. Milliken & Co.*,* 690 F2d 380, 389 (4thCir 1982) ("Rule 13(a) contains no mention of relation back.  Nonetheless, the better view holds that 'the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.'" (citation omitted)); Canned Foods, Inc. v. United States, 140 FSupp 771, 772 (CtCl 1956) (same).  Some states also follow this rule.  *See* MacDonald v. Riggs, 166 P3d 12, 17-18 (Alaska 2007) (statute of limitations tolled); Jones v. Mortimer, 28 Cal2d 627, 633,170 P2d 893 (1946) (same); Denton v. Detweiler, 48 Idaho 369, 282 P 82, 84 (1929) (holding that a counterclaim was not subject to the bar of the statute if it was not barred when the action commenced); Armstrong v. Logsdon, 469 SW2d 342, 343 (Ky 1971) (same in tort action); Eagle Sav. & Loan Ass'n v. West, 71 OhioApp 485, 496, 50 NE2d 352, 357 (1942) (same).

8.  Many states have remedied the ambiguity in this field by enacting statutes specifying how limitations laws apply to counterclaims:  AlaCode 6-8-84 (When defendant pleads counterclaim and plaintiff replies the statute of

(continued . . .)

#25097

eleven apply the statute of limitations to compulsory counterclaims seeking

affirmative relief.[9]

_____

(. . . continued)

limitations, "the defendant is nevertheless entitled to his counterclaim, where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action."); ColoRevStat 13-80-109 (extending limitations period for compulsory counterclaims one year after the service of the complaint of opposing party); ConnGenStat 52-584 ("[A] counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."); GaCodeAnn 9-3-97 (allowing counterclaims that have not expired at time of the commencement of initial action until the last day upon which the answer or other pleading should have been filed); HawRevStat 657-3 (explaining statutes of limitation applicability to counterclaims); 735 IllCompStat 5/13-207 ("A defendant may plead a set-off or counterclaim barred by the statute of limitation . . . the cause of which was owned by the plaintiff . . . before [it] was so barred."); KanStatAnn 60-213(d) (stating that one will not be denied the benefit of a compulsory counterclaim by reason of statutes of limitation); MichCompLaws 600.5823 (allowing counterclaim to extent of the amount established by plaintiff's claim unless the counterclaim was barred when plaintiff's claim accrued); NMStat 37-1-15 (allowing setoff or counterclaim to be pleaded as a defense); NYLimitationsLaw 203(c)-(d) ("A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed."); OklaStatAnn tit 12, § 2013(C) (specifying when counterclaims are barred by statutes of limitation and the type of relief allowed); TennCodeAnn 28-1-114 (stating that counterclaim not barred by statutes of limitation if it was not barred at the time the claims asserted in the complaint were interposed); VaCodeAnn 8.01-233 (stating statute of limitations is tolled by commencement of plaintiff's action as to a compulsory counterclaim); WisStat 893.14 (tolling limitations upon plaintiff's commencement of the action in which the defense or counterclaim is made).

9.    The following states have noted they do not allow counterclaims seeking affirmative relief if the statute of limitations had run before pleading the counterclaim. Duhammel v. Star, 133 Ariz 558, 653 P2d 15 (ArizCtApp 1982) (holding that compulsory counterclaim was barred as an action for affirmative relief but would be available for recoupment), *overruled on other grounds by* Godbehere v. Phoenix Newspapers, Inc., 162 Ariz 335, 783 P2d 781 (1982); Brown v. Missouri Pac. Trans. Co., 75 SW2d 804 (Ark 1934) (same); Di Norscia v. Tibbett, 124 A2d 715, 715-17 (DelSuperCt 1956) (noting the statute of limitations is clear and includes no exceptions for counterclaims); Freiberger v. Am. Triticale, Inc., 815 P2d 437, 439-40 (Idaho

(continued . . .)

[¶20.]     After a thorough review of the authority, and based on South Dakota's applicable statutes, we find persuasive the position posited by *Moore's Federal Practice*. This appears to be the majority position. The Wright, Miller & Kane approach, tolling the statute of limitations, is almost entirely premised on the lack of prejudice to the plaintiff and the prevention of delaying weak claims until the statute has almost run. The latter concern is neutralized by counterclaims in the form of recoupment; claims that arise out of the same transaction or occurrence, but are defensive in nature and seek no affirmative relief. *See* Bull v. United States, 295 US 247, 262, 55 SCt 695, 700-701, 79 LEd2d 1421 (1935) (holding that a counterclaim for recoupment is "never barred by the statute of limitations so long as

---

(. . . continued)

1991) ("Where the claim of the defendant is an affirmative independent cause of action not in the nature of a defensive claim, the defendant must comply with the applicable statute of limitations."); Noble v. C.E.D.O., Inc., 374 NW2d 734 (MinnCtApp 1985) (noting that counterclaims for affirmative relief do not relate back); State *ex rel.* Egeland v. City Council of Cut Bank, Mont., 803 P2d 609, 613 (Mont 1990) (counterclaims seeking affirmative relief must comply with statute of limitations); Nev. State Bank v. Jamison Family P'ship, 106 Nev 792, 798-99, 801 P2d 1377, 1382 (1990) (holding that a timely action does not toll the running of statute of limitations for compulsory counterclaims); Pharmaresearch Corp. v. Mash, 163 NCApp 419, 426, 594 SE2d 148, 153 (NCCtApp 2004) (same); Harmer v. Hulsey, 467 A2d 867 (PaSuperCt 1983) (compulsory counterclaim seeking affirmative relief is subject to statute of limitations); Brown v. Hipshire, 553 SW2d 570, 571-72 (Tenn 1977) (same; but see Tenn Code Ann 28-1-114 providing that a counterclaim is not barred by statutes of limitations if it was not barred at the time the claims asserted in the complaint were interposed); Hawkeye-Sec. Ins. Co. v. Apodaca, 524 P2d 874, 879-80 (Wyo 1974) (counterclaims seeking affirmative relief are barred after running of statute of limitations); *cf.* Biddle v. Biddle, 163 NJSuper 455, 395 A2d 218 (1978) (commencement of action does not toll statute of limitations for cross-claims).

the main action itself is timely"). Therefore, any weak claim brought late in the limitations period will nevertheless have to overcome the claim for recoupment.[10]

[¶21.]    Wright, Miller & Kane's other basis for allowing the expired claim, the lack of prejudice to the plaintiff, does not support the tolling of the statutes of limitation. This view apparently considers statutes of limitation as mere technicalities. *Armstrong*, 469 SW2d at 343 (stating that a defendant should not be prevented from asserting a compulsory counterclaim by "a mere technicality"). However, in South Dakota, statutes of limitation are not mere technicalities. We have consistently held that "compliance with statutes of limitations is *strictly required* and doctrines of substantial compliance or equitable tolling are not invoked to alleviate a claimant from a loss of his right to proceed with a claim." Dakota Truck Underwriters v. S.D. Subsequent Injury Fund, 2004 SD 120, ¶17, 689 NW2d 196, 201 (emphasis added) (citing Peterson v. Hohm, 2000 SD 27, 607 NW2d 8). "It is clear that statutes of limitation are in place to prevent the prosecution of stale claims and to punish litigants who sleep on their rights," *Moore v. Michelin Tire Co.*,

---

10.    We have acknowledged that "counterclaims were designed, not only to include recoupment . . . at common law, but to enlarge their scope, so that but few cases could arise in which all litigation between the parties . . . might not be settled in the same suit." McHard v. Williams, 8 SD 381, 66 NW 930, 931 (1896). Recoupment is the "reduction of a plaintiff's damages because of a demand by the defendant *arising out of the same transaction.*" Black's Law Dictionary 1280 (7th ed 1999) (emphasis added). Recoupment is "purely defensive in character and [can] be used only to defeat or diminish plaintiff's recovery." 6 Wright, Miller & Kane § 1401, at 10. "The recoupment doctrine . . . has survived the codification of compulsory counterclaims and enjoys continuing vitality today as a means of asserting an otherwise time-barred counterclaim." Berger v. City of N. Miami, Fla., 820 FSupp 989, 992 (EDVa 1993) (citing United States v. Dalm, 494 US 596, 605, 110 SCt 1361, 1367, 108 LEd2d 548 (1990)).

1999 SD 152, ¶25, 603 NW2d 513, 521 (citation omitted), and "[a] cause of action raised as a counterclaim may be potentially as stale as a cause of action asserted in an original complaint." *See* Harmer v. Hulsey, 467 A2d 867, 869 (PaSuperCt 1983) (citation omitted). We have also stated that "a defense based on a statute of limitations is meritorious and should not be regarded with disfavor." Burke v. Foss, 334 NW2d 861, 864 (SD 1983) (citation omitted). Moreover, statutes of limitation ensure a "speedy and fair adjudication of the rights of the parties[.]" *Moore*, 1999 SD 152, ¶25, 603 NW2d at 521. These principles most important to statutes of limitation are "advanced by refusing to judicially modify the harsh effect imposed by a statute of limitations." *Dakota Truck Underwriters*, 2004 SD 120, ¶18, 689 NW2d at 201.

[¶22.]     Both Mansheim and Murray had three years to commence suit—Murray timely commenced his action and Mansheim did not. Mansheim has failed to provide any controlling authority for the propositions that his counterclaim should relate back to Murray's complaint or that Murray's complaint tolled the statute of limitations. In fact, the only binding authority is found in SDCL 15-1-1(1), SDCL 15-2-1, and SDCL 15-2-14. A counterclaim is an "action" pursuant to SDCL 15-1-1(1). And, pursuant to SDCL 15-2-1, "[c]ivil actions can only be commenced within the periods prescribed in this title[.]" According to that title, an action for personal injury can be commenced only within three years, unless a different limitation is prescribed by statute. SDCL 15-2-14. Therefore, Mansheim's time to bring his personal injury cause of action expired on September 13, 2006, three years after the accident. Because Mansheim did not bring his action (via the

counterclaim) until October 9, 2006, nearly a month after the statute of limitations expired, his compulsory counterclaim for affirmative relief was time-barred.

[¶23.] South Dakota's rules of civil procedure provide for relation back only in regard to amended pleadings relating back to *that party's* original pleadings, not the opposing party's initial complaint. SDCL 15-6-15(c). Furthermore, we agree with the majority of courts that do not allow compulsory counterclaims seeking affirmative relief after the running of the statute of limitations. We find persuasive that position because independent actions that have expired prior to service of an answer or counterclaim do not lose their independent nature by being labeled "counterclaim." Absent any statute to the contrary, counterclaims seeking affirmative relief expire like any other action pursuant to SDCL 15-2-1.

[¶24.] We will not read into SDCL 15-2-14(3) (three-year statute of limitations for personal injury actions) or SDCL 15-6-13 (counterclaims) a different limitations period for personal injury actions commenced by summons as an initial action than those commenced by service as a counterclaim. Because no statutory exception, tolling provision, or equitable tolling doctrine[11] saved Mansheim's personal injury action, it is barred by SDCL 15-2-14. Thus, we affirm the circuit court's grant of summary judgment.

---

11.  The facts of this case do not represent the situation where the party asserting the statute of limitations has fraudulently or inequitably invited a party to delay in commencing the action until the limitations period has expired. Murray did nothing to lull Mansheim into inaction until his claim was time-barred. Mansheim simply failed to file a timely action under SDCL 15-2-14. This was undisputed; therefore, equitable tolling and equitable estoppel are inapplicable.

**CONCLUSION**

[¶25.]     We narrow our holding to disallow compulsory counterclaims seeking affirmative relief when, as here, the limitations period expired after the plaintiff initiated his action by service of summons but before the defendant served his counterclaim.  Furthermore, any application SDCL 15-6-15(c) may have to counterclaims is not decided in this case as it provides no relief to Mansheim because that statute only allows relation back to *that party's* original pleading and Mansheim's original pleading (answer) was served after the action expired by statute.  We find persuasive the distinction between compulsory counterclaims seeking recoupment and those seeking affirmative relief.  The latter are independent actions subject to statutes of limitation.  The former are in the nature of a defense and, as noted by the United States Supreme Court, are "never barred by the statute of limitations so long as the main action itself is timely." *Bull*, 295 US at 262, 55 SCt at 700-01.  Stated simply, time will not bar Mansheim's claim of vindication, but it does preclude his prayer for affirmative relief.

[¶26.]     Affirmed.

[¶27.]     GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concur.

[¶28.]     SEVERSON, Justice, dissents.

[¶29.]     MILLER, Retired Justice, sitting for MEIERHENRY, Justice, disqualified.

SEVERSON, Justice (dissenting).

[¶30.] I respectfully dissent. An initial summons, not a compulsory counterclaim, "commences" an action under South Dakota law. Because the compulsory counterclaim cannot "commence" an action, the compulsory counterclaim is part of the initial action. A compulsory counterclaim instituted after the expiration of the statutory period is not barred when the initial action was "commenced" within the statute of limitations.

[¶31.] We must analyze whether a compulsory counterclaim seeking affirmative relief is barred by the statute of limitations under South Dakota's particular statutory scheme. "Statutory interpretation is a question of law to be reviewed under the de novo standard of review." Discover Bank v. Stanley, 2008 SD 111, ¶15, 757 NW2d 756, 761 (citations omitted). "When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and [this] Court's only function is to declare the meaning of the statute as clearly expressed." *Id.* "The same rule applies to construction of [South Dakota's] rules of civil procedure." *Id.* This Court looks to the decisions of other courts and other states for analytical assistance in interpreting a South Dakota rule of civil procedure when the rule is *equivalent* to a Federal Rule of Civil Procedure. *Moore*, 1999 SD 152, ¶24, 603 NW2d at 520. Here, because the South Dakota rule is not equivalent to the Federal Rule, reference to the Federal Rules is less helpful in determining whether South Dakota's unique statutes dictate that compulsory counterclaims are barred after expiration of the statute of limitations.

[¶32.]	In South Dakota, a compulsory counterclaim seeking affirmative relief is an "action" pursuant to SDCL 15-1-1(1). An "action" is defined as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement, determination, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." SDCL 15-1-1(1). SDCL 15-2-1 further provides:

> Civil actions can only be *commenced* within the periods prescribed in this title after the cause of action shall have accrued except where in special cases a different limitation is prescribed by statute. The objection that the action was not commenced within the time limited can only be taken by answer or other responsive pleading.

(Emphasis added.) SDCL 15-2-14 similarly states that a civil action for personal injury "can be *commenced* only within three years after the cause of action shall have accrued." (Emphasis added.) We must therefore decide if a compulsory counterclaim seeking affirmative relief "commences" an action or is part of the initial action. If it does not "commence" an action, it is either not time barred under SDCL 15-2-14, or it relates back to the commencement of the initial action.

[¶33.]	"An action is commenced as to each defendant when the summons is served on him. . . ." SDCL 15-2-30. *See Peterson*, 2000 SD 27, ¶15, 607 NW2d at 12 (noting that unlike the Federal Rules, South Dakota requires that a defendant be served with a copy of the summons to commence an action). No summons need be served to assert a compulsory counterclaim:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does

> not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

SDCL 15-6-13(a). A plain reading of South Dakota law reveals a compulsory counterclaim cannot "commence" an action. Only the initial summons "commences" an action within the meaning of SDCL 15-2-1 and SDCL 15-2-14. A compulsory counterclaim is therefore part of the initial action. When the initial action is "commenced" within the statute of limitations, a compulsory counterclaim instituted after the expiration of the statutory period is not barred.

[¶34.] The majority notes that were we to hold that counterclaims are commenced at the time of the initial action, both compulsory and permissive counterclaims would have to relate back. *See supra* [¶9 n2.] Permissive counterclaims are more problematic, but in *Jacobsen*, this Court, in dicta, noted that only compulsory counterclaims relate back to the original complaint. 2008 SD 19, ¶30 n7, 746 NW2d at 747 n7 (citing 6 Wright, Miller & Kane, § 1425 at 189-90). This Court also noted that permissive counterclaims do not "benefit from the relation back doctrine." *Id.* As noted by Wright, Miller & Kane, "the applicable statute of limitations . . . may restrict a party's freedom to interpose a permissive counterclaim under Rule 13(b). Since these claims basically constitute independent actions, a party should not be able to assert a permissive counterclaim on which the statute of limitations has run." 6 Wright, Miller & Kane, § 1425 at 189. This same philosophy is reflected in SDCL 15-6-15(c), which specifies that amended pleadings relate back to the date of the original pleading if the claim or defense arose out of the conduct, transaction, or occurrence set forth in the original pleading.

[¶35.] This case involves the statute of limitations and a compulsory counterclaim under SDCL 15-6-13(a). The majority opinion focuses on the statute of limitation and permissive counterclaims under SDCL 15-6-13(b), an issue not before us. This Court may well believe the view of other jurisdictions, which holds that compulsory counterclaims seeking affirmative action are barred after the expiration of the statute of limitations, is the better approach. Yet, that is not the result South Dakota law demands. The language of the applicable South Dakota statutes on commencement of an action is "clear, certain, and unambiguous," and "this Court's only function is to declare the meaning of the statute[s] as clearly expressed." *Discover Bank*, 2008 SD 111, ¶15, 757 NW2d at 761. We must not "do violence to the plain meaning of the statute[s] under construction." Hagemann *ex rel.* Estate of Hagemann v. N.J.S. Eng'g, Inc., 2001 SD 102, ¶8 n7, 632 NW2d 840, 846 n7 (citation omitted). If South Dakota law leads to an undesirable result, it ought to be changed, but we should not give a strained interpretation to an unambiguous statute (SDCL ch. 15-2) or Court rule of procedure (SDCL 15-6-13(a)).

[¶36.] The very purposes of statutes of limitation do not require the position the majority embraces. The majority correctly observes that "statutes of limitation are in place to prevent the prosecution of stale claims and to punish litigants who sleep on their rights." *Moore*, 1999 SD 152, ¶25, 603 NW2d at 521 (citations omitted). However, a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." SDCL 15-6-13(a). Because they arise from the same incident, the compulsory counterclaim is no staler than the initial action. The "necessarily close relationship

between the timely claim and untimely claim should insure that the latter is not 'stale' in the sense of evidence and witnesses no longer being available." 6 Wright, Miller & Kane, § 1419 at 152-53. The evidence and witnesses are as accessible for adjudicating the compulsory counterclaim as they are for the initial action. *Id.* "Simple justice dictates that if the plaintiffs are given an opportunity to present a claim for relief based upon a [transaction or occurrence], the defendant should not be prevented from doing so[.]" *Armstrong*, 469 SW2d at 343. The plaintiff should not reap a benefit, and the defendant the harm, of the plaintiff's decision to delay until the statute of limitations has almost run on his claim.

[¶37.]	For these reasons, I respectfully dissent.